IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3375-FL

| | |
|---|---|
| MARVIN C. POWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| DR. GARY JUNKER, DR. NELSON, DR. INMAN, MEDICAL UTILIZATION REVIEW BOARD, and DR. JAMES CLARE, | ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court for initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and on plaintiff's motion for permission to file supplemental complaint (DE 12) and in limine (DE 14). Plaintiff, a state inmate proceeding pro se, alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. He requests compensatory and punitive damages, together with various forms of injunctive relief pursuant to 42 U.S.C. § 1983.

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

As noted above, plaintiff bring claims under the Eighth Amendment alleging deficient medical care. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993).

The first prong is objective – the inmate must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id.. In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

---

[1]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

The second prong is subjective – the inmate must show that "subjectively the officials acted with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379. The mental state for "deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer, 511 U.S. at 837. A plaintiff therefore must establish the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Farmer, 511 U.S. at 837–39).

Deliberate indifference is thus "a particularly high bar to recovery." Iko, 535 F.3d at 241. For claims involving medical care, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Negligence or medical malpractice in diagnosis or treatment are not exceptional circumstances. See id.; see also Estelle v. Gamble, 429 U.S. 97, 105–08 (1976). Finally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844; Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

Plaintiff has not alleged sufficient facts to establish deliberate indifference. As to the claim against defendant Dr. Inman ("Inman"), plaintiff acknowledges that Inman took an x-ray of plaintiff's hip and determined that physical therapy was the most appropriate course of treatment.

3

(Am. Compl. (DE 11) ¶ V). Plaintiff's disagreement with this course of treatment does not amount to deliberate indifferent. See Estelle, 429 U.S. at 105–08; Wright, 766 F.2d at 849.

Plaintiff next alleges that defendant Dr. K. Nelson ("Nelson") failed to treat his severe sciatic nerve pain and also took away his self-carry blood pressure medications. Defendant Nelson saw plaintiff on one occasion where she allegedly ignored the nerve pain, but changed the blood pressure medication prescription such that plaintiff could only take the medication during specified times where medications were dispensed. (See Am. Compl. (DE 11) ¶ V). With respect to the nerve pain issue, plaintiff fails to offer non-conclusory allegations establishing that defendant Nelson was aware that the failure to treat sciatic nerve pain immediately posed an excessive risk of harm. See Jackson, 775 F.3d at 178 (requiring allegations showing defendant was aware of "the excessive risk posed" by inaction); see also Gordon v. Schilling, 937 F.3d 348, 357 (4th Cir. 2019) (noting defendant must have knowledge that the "lack of treatment . . . could create a substantial risk of harm to that person"); cf. Moskos v. Hardee, 24 F.4th 289, 297–98 (4th Cir. 2022) ("[A]ctual treatment may not follow immediately upon medical attention, whether due to the caution of a prudent physician or the inevitable uncertainties of diagnosis."). Plaintiff's conclusory allegation that defendant Nelson ignored his nerve pain therefore fails to state a claim. See Iqbal, 556 U.S. at 678.

With respect to defendant Nelson's decision to take plaintiff's blood pressure medication from him, plaintiff admits that he retained the ability to get the medication from the "pill line." (Am. Compl. (DE 11) ¶ V). And plaintiff does not explain how this change in procedure placed him in substantial risk of serious harm (as required for the objective prong) or amounted to deliberate indifference. See Moskos, 24 F.4th at 298; Jackson, 775 F.3d at 178.

The court next turns to plaintiff's claims against defendants Dr. Gary Junker ("Junker") and Dr. James Clare ("Clare"). Plaintiff alleges that defendant Junker "failed to [ensure] my medical treatment was adequate by failing to properly instruct doctors under his supervision . . . when to refer patients with serious medical needs to a specialist doctor." (Am. Compl. (DE 11) ¶ V). Similarly, defendant Clare allegedly "failed to supervise state dental programs in the manner of proper and timely dental treatment leading to [exacerbation] of dental problems." (Id.). The amended complaint, however, does not establish that defendants Junker or Clare were aware of plaintiff's serious medical needs and ignored same. See Shakka, 71 F.3d at 166.

Plaintiff also moves for leave to file supplemental complaint. Because plaintiff did not provide a supplemental complaint, the court cannot evaluate whether the proposed amendments allege viable claims for relief. See Save Our Sound OBX, Inc. v. North Carolina Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019). In any event, the court previously allowed plaintiff to file amended complaint correcting the deficiencies in his first complaint. (See DE 10 at 3–4). Because plaintiff's amended complaint also fails to state a claim on which relief can be granted, the court declines to allow further amendment or supplementation of the complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Finally, plaintiff's motion in limine seeks a court order directing that plaintiff's criminal or disciplinary history cannot be used as evidence in this case. In light of the court's dismissal of this action, the motion in limine is moot.

5

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motions for permission to file supplemental complaint (DE 12) is DENIED and his motion in limine (DE 14) is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of November, 2022.

LOUISE W. FLANAGAN
United States District Judge